UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JACQUELINE McLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-537-TAV-DCP |
| | ) | |
| G2 ENGINEERING & MANAGEMENT, INC., and MICHAEL TWINE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendants' Motion for Summary Judgment [Doc. 53]. Plaintiff responded in opposition [Doc. 55]. Defendants' motion is fully briefed and ready for disposition. E.D. Tenn. L.R. 7.1(a). For the reasons stated below, the Court will grant in part and deny in part defendants' motion for summary judgment.

**I.    Background**

    **A.    Factual Background**

Plaintiff Jacqueline McLaughlin initiated this action pursuant to the Fair Labor Standards Act (the "FLSA") against defendants Michael Twine and G2 Engineering & Management, Inc ("G2"). Plaintiff seeks relief under the FLSA for unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs. Plaintiff also seeks general, special, and punitive damages. Plaintiff asserts (1) an FLSA violation, (2) fraud in the inducement, (3) actual fraud, (4) breach of contract, (5) breach of the implied

duty of good faith and fair dealing, and (6) her right to quantum meruit recovery [Doc. 1 pp. 7–13].

Plaintiff was employed by defendant G2 Engineering & Management, Inc., which was owned and operated by defendant Twine. G2 employees are paid at an hourly rate. The focus of this dispute is on the hourly wage that defendant Twine agreed to pay plaintiff. Because no written agreement has been produced on the record, the facts in this case are based largely on the parties' recollection of oral discussions regarding plaintiff's role at G2 and plaintiff's compensation.

Around May 2014, plaintiff and defendants entered into a discussion regarding plaintiff's role in the company and her potential role as a project manager. The parties disagree about the outcome of this discussion. Plaintiff asserts that she was given the job as project manager and that she was led to believe she would be paid at a rate of at least $35.00/hour. Plaintiff also asserts that defendant Twine said he would consider plaintiff's request for a rate of $38.00/hour.

Defendant Twine, on the other hand, says that he was considering plaintiff for the role of project manager, but that she first needed to prove that she was qualified for the role. Defendant Twine asserts that plaintiff's role was more accurately described as a data entry clerk and that the parties never agreed to a $35.00/hour wage. Defendant Twine argues that plaintiff's request for $38.00/hour was a counteroffer that served as a rejection of his initial $35.00/hour offer.

B. **Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). Yet, "[o]nce the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991).

To determine whether a genuine dispute of material fact exists, the Court must view all facts and inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002). A dispute about a material fact is genuine when a "reasonable jury" could resolve the dispute in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The fact is material if it might affect the outcome of the suit under the governing law. *Id.*

When resolving a motion for summary judgment, the Court's role is limited to determining "whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. The Court does not weigh

the evidence but simply determines whether sufficient evidence has been presented to make the dispute of fact a proper question for the factfinder to resolve. *Id*. at 248.

## II. Analysis

Defendants argue that they are entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56 on plaintiff's claims against them. As explained below, the Court finds that defendants are entitled to summary judgment on the actual fraud and fraudulent inducement claims; however, they are not entitled to summary judgment on the FLSA, breach of contract, and breach of implied duty of good faith and fair dealing claims. Defendants are also not entitled to summary judgment on whether plaintiff has a right to quantum meruit recovery.

### A. FLSA Violation

Individuals asserting an FLSA claim can bring the claim on their own behalf and on behalf of similarly situated individuals. 29 U.S.C. § 216(b). In the Sixth Circuit, to establish a collective action, the plaintiffs must show that they are actually "similarly situated," and all plaintiffs must have provided written consent that they wish to participate in the action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). While plaintiff styles her complaint as a collective action, plaintiff has not proposed to join any co-plaintiffs or attempted to show that other plaintiffs are similarly situated, nor has she moved for collective-action certification. Therefore, the Court will consider the FLSA claim as it relates to plaintiff individually.

Individuals who are covered by the FLSA and who do not receive overtime pay are able to assert an FLSA claim for such wages. *See* 29 U.S.C. § 213. The parties have not provided any evidence showing that plaintiff is exempt from the FLSA [Doc. 55-3]. The parties simply dispute whether plaintiff was paid overtime, and if she was, at what rate she was paid. In defendant Twine's deposition, he agreed that plaintiff was "never paid time-and-a-half" [*Id.* at 4]. In defendants' motion for summary judgment, and in plaintiff's damage calculations [Doc. 54-3], it appears that plaintiff was paid overtime, but that overtime was based on a pay rate of $12.83. It appears that the dispute is centered on the pay rate, *see infra* Section II.D, used to calculate the overtime rate. Because the parties dispute what the agreed upon pay rate was, a genuine dispute of material fact exists as to whether plaintiff received the overtime payments to which she was entitled. Accordingly, the Court must deny summary judgment on plaintiff's individual FLSA claim.

### B. Actual Fraud

Plaintiff also asserts an actual fraud claim. To succeed on an actual fraud claim, a plaintiff must show the following:

> 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation.

5

*Ingram v. Cendant Mobility Fin. Corp.*, 215 S.W.3d 367, 371 (Tenn. Ct. App. 2006).[1] The fraud must have been intentional, and the party must have meant to mislead the other party. *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 232 (Tenn. Ct. App. 1976).

Here, plaintiff argues that defendant Twine told her that she would receive at least $35.00/hour for her work, and that he would pay her retroactively to correct for any "deficiencies" [Doc. 1 ¶¶ 47–48]. Plaintiff asserts that defendant Twine knew that these representations were false but wanted plaintiff to continue to perform work [*Id.* ¶ 50]. Defendants respond that plaintiff could not have relied on the representations made by defendant Twine because plaintiff counter-offered by asking for a rate of $38.00/hour, which defendants argue defeats the initial $35.00/hour offer [Doc. 54 p. 6].

Even viewing the facts in a light most favorable to plaintiff, the fraud claim fails. As defendants argue, plaintiff fails to support the claim that defendant Twine made the representation of $35.00/hour knowing it was false. Plaintiff states that, looking back, defendants failed to pay plaintiff $35.00/hour, but plaintiff does not provide facts to show that this representation was false at the time it was allegedly offered or that defendant had any reason to believe it was false at that time [Doc. 1 ¶¶ 48–50]. Without supporting facts,

---

[1] When exercising supplemental jurisdiction over state law claims, federal courts are "bound to apply state law to them." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). It is "the duty of the federal courts, where the state law supplies the rule of decision, to ascertain and apply that law even though it has not been expounded by the highest court of the State." *Fid. Union Tr. Co. v. Field,* 311 U.S. 169, 177 (1940). Here, the Court will apply Tennessee law to the state law claims asserted by plaintiff.

conclusory statements are "insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

Looking beyond the conclusory statements at the facts in support of plaintiff's fraud claim, the question becomes whether a jury could "reasonably find for either the plaintiff or the defendant." *Anderson*, 477 U.S. at 255. Based on the present record, a jury could not reasonably find for plaintiff. The factual question regarding the alleged $35.00/hour wage is a dispute that, even if resolved in plaintiff's favor, does not change the outcome of the fraud claim. Even if defendant Twine agreed that he would assess whether plaintiff's counter-offer of $38.00/hour was reasonable as plaintiff asserts, the parties do not dispute that, at that moment, the terms of the alleged contract were not definite.[2] Because there was no definite term as to the wage, as defendants assert and plaintiff fails to dispute, the elements of the fraud claim are negated. The parties never agreed to a compensation term, so there is no "false statement" that defendant Twine knew to be false and that plaintiff relied on. While there is a dispute as to the missing compensation term, this dispute has no bearing on the falsity of the representation or on defendant Twine's intent, and so as a matter of law, the Court must grant summary judgment on the fraud claim.

### C. Fraud in the Inducement

Next, plaintiff asserts a fraudulent inducement claim. To show fraudulent inducement, a plaintiff must show:

---

[2] Plaintiff asserts that the wage was either $35.00 or $38.00 whereas defendants assert that no wage was established. Either way, the compensation term of the contract was not definite.

> (1) a false statement concerning a fact material to the transaction; (2) knowledge of the statement's falsity or utter disregard for its truth; (3) intent to induce reliance on the statement; (4) reliance under circumstances manifesting a reasonable right to rely on the statement; and (5) an injury resulting from the reliance.

*Lamb v. MegaFlight, Inc.*, 26 S.W.3d 627, 630 (Tenn. Ct. App. 2000). While not exactly the same as a claim asserting fraud, several of the elements are similar. For example, the person making the statement must know that the statement is false, and they must intend for the person to rely on that statement. Plaintiff asserts that the promise of $35.00/hour was false at the time it was made and that it was made to secure plaintiff's continued employment [Doc. 1 ¶ 42–45]; however, plaintiff does not provide additional facts to support these conclusory statements; *see CareSource*, 576 F.3d at 560. Defendants argue that these allegations are not enough to sustain a fraudulent inducement claim.

The parties may dispute whether the discussions of a $35.00/hour wage gave rise to a contract for that wage, but this dispute does not show that defendant Twine knew this alleged statement was false or that he made it to induce plaintiff to continue her employment with defendant. Thus, a jury could not reasonably find in favor of plaintiff on the fraudulent inducement claim. The Court must grant summary judgment on this claim in defendants' favor.

### D. Breach of Contract

For a breach of contract claim, which plaintiff asserts next, a plaintiff must show that (1) an enforceable contract existed, (2) nonperformance amounted to a breach of that contract, and (3) the breach caused damages. *Ingram*, 215 S.W.3d at 371. To have an

enforceable contract, there must be a meeting of the minds, sufficient consideration, and sufficiently definite terms. *Johnson v. Cent. Nat. Ins. Co.*, 356 S.W.2d 277, 281 (Tenn. 1962). After a party makes an offer, the other party may accept as long as the acceptance is "identical with the offer and unconditional." *Canton Cotton Mills v. Bowman Overall Co.*, 257 S.W. 398, 402 (Tenn. 1924).

Plaintiff asserts that despite the counter-offer of $38.00/hour,[3] a contract existed with a wage term of at least $35.00/hour. Defendants assert that this counter-offer rejected the initial offer and so no contract was formed. While defendants do correctly point out that a counter-offer constitutes a rejection, *see* 1 *Williston on Contracts* § 5:3 (4th ed. 2017), taking defendants' argument would mean that defendants owe no wage to plaintiff for the work performed because there was no enforceable contract. Certainly some agreement existed between the two parties—it just isn't clear what the terms of that agreement were.

Even where terms are missing in an agreement, a contract can still be enforceable if its terms are reasonably certain. *See Gurley v. King*, 183 S.W.3d 30, 35 (Tenn. Ct. App. 2005). Terms are "reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy. Restatement (Second) of Contracts § 33(b) (Am. Law. Inst. 1981). In an employment contract, compensation is considered to be an essential term. *See* 27 Am. Jur. 2d *Employment Relationship* § 17 (2018). However, even "casual discussions" and loosely defined terms can bring an enforceable agreement

---

[3] Plaintiff's "counter-offer" of $38.00/hour was based on plaintiff's "review of pay rates for positions with similar responsibilities [Doc. 54-2].

into existence. *Id*. As long as it is "possible to determine the parties' intentions," uncertainty of terms will not defeat a contract. *Id.*

Here, the Court must determine whether the uncertain wage term in the agreement between plaintiff and defendants made the contract unenforceable. *See Gurley*, 183 S.W.3d 30 (denying summary judgment on the grounds that a genuine issue of material fact existed as to whether the contract was too indefinite to be enforceable). Plaintiff and defendants agree that some relationship existed between the parties. Plaintiff showed up to work every day expecting to get paid, and defendants accepted plaintiff's work with the expectation that they would pay her. The dispute is over the wage term—whether defendants were obligated to pay a wage of at least $35.00/hour, or whether the term was so indefinite that defendants were able to choose a term they believed to be fair.

Based on the facts presented to the Court, it is unclear whether the contract was too definite to enforce. Defendant Twine stated that plaintiff never signed the offer letter to become a project manager, which included a wage term of $35.00, and he stated that he viewed plaintiff as a data entry clerk whom he was testing for a capability of becoming a project manager [*See* Doc. 55-3]. He also agrees, however, that plaintiff was on the payroll and that she was working and attending meetings on the company's behalf [*Id.*]. Further, defendant Twine admits that he introduced her to others as a project manager. So, while some working relationship existed between plaintiff and defendant Twine, the Court cannot determine at this time whether the employment agreement was solely oral or whether a written contract existed with some terms. The Court is also unable to determine what

position plaintiff held within the company and what wage would be appropriate for such a position. Finally, the Court cannot determine when the wage discussions took place or what was said during those discussions, which means the Court cannot determine what constituted an offer, a counter-offer, an acceptance, or a rejection. Because such material facts are in dispute, the Court must deny summary judgment as to the breach of contract claim.

### E. Breach of Implied Duty of Good Faith and Fair Dealing

In addition to a breach of contract claim, plaintiff asserts a breach of the implied duty of good faith and fair dealing claim. In performing a contract, parties have a "duty of good faith." *Dick Broad. Co. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 660 (Tenn. 2013). The purpose of this implied duty is to respect the expectations of the parties and allow the parties to receive the benefits of the agreement. *Hometown Folks, LLC v. S&B Wilson, Inc.*, 643 F.3d 520, 527 (6th Cir. 2011). In this case, as discussed previously, material facts are in dispute, and the Court is unable to determine what kind of agreement existed, what the parties expected when entering into the agreement, and what benefits were to be received by the parties. Accordingly, the Court must deny summary judgment on the claim of breach of implied duty of good faith and fair dealing.

### F. Quantum Meruit

Finally, plaintiff asserts a quantum meruit claim. A quantum meruit action is an equitable substitute for a contract claim. *Castelli v. Lien*, 910 S.W.2d 420, 427 (Tenn. Ct. App. 1995). The following must exist to recover under this type of action:

(1) there must be no existing, enforceable contract between the parties covering the same subject matter; (2) the party seeking recovery must prove that it provided valuable goods and services; (3) the party to be charged must have received the goods and services; (4) the circumstances must indicate that the parties involved in the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and, (5) the circumstances must also demonstrate that it would be unjust for the party benefitting from the goods or services to retain them without paying for them.

*Id.* Here, the Court is unable to determine whether an enforceable contract existed, as discussed above. Furthermore, plaintiff was compensated for her services, but she disputes the amount that she was compensated. Based on this genuine disputes of material facts, it is premature to decide whether a quantum meruit action is appropriate, and thus the Court will deny summary judgment on this claim.

### III. Conclusion

Accordingly, for the reasons stated above, defendants' Motion for Summary Judgment [Doc. 53] is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE