UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JACQUELINE McLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-537-TAV-DCP |
| | ) | |
| G2 ENGINEERING & MANAGEMENT, INC., and MICHAEL TWINE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After losing at trial and appealing, defendants reached a settlement with plaintiff conditioned on vacatur of a part of this Court's judgment. The parties now move [Doc. 103] for an indicative ruling under Federal Rule of Civil Procedure 62.1 declaring the Court's willingness to grant their requested relief on a limited remand from the Sixth Circuit; they ask for vacatur of part of the judgment and removal of the consequent damages. Failing to present any circumstances distinguishing this case from other settlements reached on appeal or to explain why allowing the judgment to stand would be inequitable, the parties do not satisfy the standard for vacatur under Federal Rule of Civil Procedure 60(b)(6). Accordingly, their motion is **DENIED**.

I.  **Background**

The Court entered judgment in this case in May 2018, ordering, upon a jury finding, that plaintiff Jacqueline McLaughlin had established her breach of contract claim against defendant G2 Engineering & Management, Inc. ("G2"), and her claims against G2 and

defendant Michael Twine under the Fair Labor Standards Act ("FLSA") [Doc. 76]. The Court awarded plaintiff $20,558.21 in unpaid regular wages from G2, $12,600 in unpaid overtime wages from G2 and Twine, and $12,600 in liquidated damages also from both defendants [*Id.*]. The liquidated damages award reflected the jury's finding that the violation of the FLSA was willful [*Id.*; see also Doc. 74 p. 2].

After the Court denied defendants' motion for judgment notwithstanding the verdict and/or motion for a new trial [Doc. 93], defendants appealed the judgment and the Court's denial of defendants' post-judgment motions [Doc. 94]. Defendants' post-judgment motions challenged the jury's finding that defendants' violation of the FLSA was willful, arguing the evidence did not support it [Doc. 77 p. 13–14]. The parties state that the award of liquidated damages, as required under the FLSA given the willfulness finding, was defendants' primary concern on appeal [Doc. 103 p. 1–2].

While the parties could not resolve the appeal through mediation under Rule 33 of the Sixth Circuit Rules, they subsequently agreed to vacatur of the willfulness finding—and consequent removal of the liquidated damages award from the judgment—in exchange for defendants' withdrawing their challenges to all other aspects of the judgment [Doc. 103 p. 1–2]. Although the case remains on appeal to the Sixth Circuit, the parties seek limited remand to this Court to enable it to vacate the existing judgment and replace it with one reflecting the parties' settlement agreement and their stipulation as to attorney's fees and expenses [*Id.*]. They thus ask the Court to enter an order under Federal Rule of Civil

Procedure 62.1 stating that it would grant the parties' requested relief if the Sixth Circuit granted limited remand.

Upon the Court's inquiry as to why it could not modify the monetary award, rather than vacate the judgment, the parties explained that simply reducing the monetary award would fail to resolve defendant Twine's primary concern [Doc. 104 p. 1]. Twine works for a U.S. Government contractor and holds a security clearance [*Id.*]. He fears that the willfulness finding could negatively impact his livelihood [*Id.*]. While plaintiff does not concede that Twine's conduct was not willful, her willingness to compromise on this point enabled the resolution of all issues on appeal [*Id.*].

## II.    Analysis

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp,* 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). Rule 62.1 of the Federal Rules of Civil Procedure, however, provides that if a court lacks authority to grant a timely motion for relief because an appeal has been docketed and is pending, the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Court observes that Rule 62.1 does not provide for relief itself; rather, it provides the Court with authority to entertain a motion for relief, including, for example, a

Rule 60(b) motion. *Estate of Hickman v. Moore,* Nos. 3:09-CV-69, 3:09-CV-102, 2011 WL 4860040, at *2 (E.D. Tenn. Oct. 13, 2011), *aff'd,* 502 F. App'x 459 (6th Cir. 2012); *see also* Fed. R. Civ. P. 62.1 advisory committee's note ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it . . . ."). Construing the parties' joint motion for indicative ruling under Rule 62.1 as a Rule 60(b) motion for vacatur, the Court will deny their request for relief.

"Rule 60(b) of the Federal Rules of Civil Procedure is a litigant's exclusive avenue when seeking relief from a judgment or order." *Computer Leasco, Inc. v. NTP, Inc.,* 194 F. App'x 328, 334 (6th Cir. 2006) (citing *United States v. Beggerly,* 524 U.S. 38, 46 (1998)). The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As a general matter, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond*

*Coal Co. v. Trs. of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992)).

While the parties do not indicate under which provision of Rule 60(b) they move for relief, subsections (1)–(5) do not appear to apply, and courts have generally construed Rule 60(b) motions in this context as invoking the catchall provision of subsection (6). *See, e.g.*, *Asher v. Unarco Material Handling, Inc.*, No. CIV. 06-548, 2012 WL 3912761, at *2 (E.D. Ky. Sept. 7, 2012); *see also Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007).

"[R]elief under Rule 60(b)(6) should be granted "only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *GenCorp, Inc. v. Olin Corp.,* 477 F.3d 368, 373 (6th Cir. 2007) (quoting *Blue Diamond*, 249 F.3d at 524). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741, 750 (6th Cir. 2013) (quoting *Thompson v. Bell,* 580 F.3d 423, 442 (6th Cir. 2009)). Yet, in this case, the parties present no evidence that failing to vacate the finding of willfulness would be inequitable or that the circumstances are "unusual" or "extreme." Rather, they only state that allowing the judgment to stand may endanger defendant Twine's livelihood and that the parties' compromise on vacatur of the willfulness finding allowed them to resolve all issues on

5

appeal.  These perfectly ordinary circumstances do not provide a basis for granting relief under Rule 60(b)(6).

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, the Supreme Court addressed whether appeals courts should vacate civil judgments of subordinate courts in cases settled after appeal is filed.  513 U.S. 18, 29 (1994).  In the appeals-court setting, the Supreme Court held, "mootness by reason of settlement does not justify vacatur of a judgment under review," unless "exceptional circumstances . . . counsel in favor of such a course."  *Id.*  Such "exceptional circumstances" do not include, the Court clarified, "the mere fact that the settlement agreement provides for vacatur."  *Id.*  This fact does not "diminish the voluntariness of the abandonment of review," by which the losing party "surrender[s] his claim to the equitable remedy of vacatur."  *Id.* at 25, 29.  Nor does it change the policy considerations the Court discussed in support of its ruling, including (1) the public interest in legal finality and "orderly procedure" and (2) the uncertain impact on settlement incentives of establishing a lower bar for settlement-related vacatur.  *Id.* at 27–28, 29.  The Court noted that, prior to considering the existence of exceptional circumstances or even in their absence, an appeals court presented with a vacatur request could choose to remand the case to the district court with instructions to consider the request pursuant to Rule 60(b).

Since *Bancorp*, district courts have disagreed as to the proper standard for Rule 60(b) motions triggered by settlement on appeal.  Some courts have decided that *Bankcorp* "alter[ed] the analysis for Rule 60(b) motions by requiring a showing of exceptional

6

circumstances for vacatur of a judgment or order under Rule 60(b)." *Autism Soc'y of Mich. v. Fuller,* No. 5:05–CV–73, 2007 WL 2484983, at *2 (W.D. Mich. Aug. 29, 2007) (collecting cases). Others have ruled that the Supreme Court did not impose a new standard on district courts but that the Court's "logic applies equally" to the Rule 60(b)(6) equitable balancing. *Papenfus v. Flagstar Bankcorp, Inc.*, No. CIV. 07-10925, 2008 WL 243759, at *1–3 (E.D. Mich. Jan. 22, 2008) (applying factors discussed in *Bankroft*, namely the public interest and settlement incentives); *see also Asher*, 2012 WL 3912761, at *3 ("The case does not, by its own terms, apply to district courts. . . . But the considerations identified by *Bancorp Mortgage* are 'relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness under Rule 60(b)(6).'" (quoting *Valera Terrestrial Corp. v. Paige*, 211 F.3d 112, 121 (4th Cir. 2000))).

The Court finds the reasoning of the latter category of opinions more persuasive. As other courts have noted, the Supreme Court's holding that the court of appeals can remand "even in the absence" of exceptional circumstances "would make no sense if the district court could not vacate its judgment in that absence.'" *Asher*, 2012 WL 3912761, at *3 (quoting *Marseilles*, 481 F.3d at 1003). Thus, while the factors the Supreme Court identified for examining a motion for vacatur at the appeals-court level do not control the Court's Rule 60(b) analysis, they are relevant.

As discussed above, the balance of equities weighs against vacatur in this case. The fact that vacatur of the willfulness finding is a condition of the parties' settlement does not represent an unusual or extraordinary circumstance mandating relief, and the parties have

7

failed to articulate any circumstance distinguishing this case from others involving settlement on appeal. The parties have stated that defendant Twine desires vacatur for fear of detrimental professional consequences from the willfulness judgment, but potential negative fallout to the losing party in civil litigation is hardly unusual or extreme. Thus, the Supreme Court's policy justifications for finding that vacatur was inappropriate except in exceptional circumstances apply with full force.

And, while the parties have articulated one defendant's personal reason for preferring vacatur, they have not explained why vacatur would serve the public interest or why it would not weaken the settlement incentives of future litigants—and thus impair judicial efficiency. Indeed, allowing defendants to circumvent the jury's willfulness finding and its consequences under the FLSA could encourage future litigants to "test the waters before a district court, and then simply 'wash[] away,' any law they dislike through settlement." *Asher*, 2012 WL 3912761, at *4 (quoting *Bancorp*, 513 U.S. at 28); *see also Papenfus*, 2008 WL 243759, at *3 (finding that the public interest in judicial efficiency militated against vacating a judgment because of settlement and reasoning, "[i]f Defendants are simply able to erase [an unfavorable opinion] through a settlement-related vacatur, they will have less incentive to settle future cases before taking them to trial."). Allowing the Court's judgment to stand, by contrast, promotes the public interest in final judgments and the prudent use of judicial resources.

### III. Conclusion

Accordingly, the Court holds that the parties have not provided sufficient support for the Court to vacate the relevant part of its judgment entered in this case [Doc. 76]. The parties' joint motion under Rule 62.1 [Doc. 103] is thus **DENIED**. Should the case be remanded to this Court by the United States Court of Appeals for the Sixth Circuit, the Court is not disposed to grant the parties relief under Rule 60(b), unless plaintiffs can present exceptional circumstances not currently before the Court justifying relief.[1]

IT IS SO ORDERED.

                                                        s/ Thomas A. Varlan  
                                                        UNITED STATES DISTRICT JUDGE

---

[1.] If the parties continue their appeal, the Court encourages them to pursue further Rule 33 mediation efforts.